UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TARRA SHORT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NUMBER: |
| | ) |
| KAISER ALUMINUM WARRICK, LLC | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Tarra Short ("Short"), by counsel, against Defendant, Kaiser Aluminum Warrick, LLC ("Defendant"), for violating, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. Seq.* and the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et seq.*

**II. PARTIES**

2. Seales is a resident of Vanderburgh County, Indiana, who at all relevant times to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 42 U.S.C. §2000e-5(f)(3); and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and

42 U.S.C. §12111(5)

6. Short was an "employee" as that term is defined by 42 U.S.C. §2000e(f) and 42 U.S.C. §12111(4).

7. Short satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (Charge Number: 470-2023-01789) against Defendant alleging sexual harassment, disability discrimination, and retaliation. Short received her Notice of Suit Rights on June 02, 2023, and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

9. Short began working for Defendant on or around June 25, 2018, as a Finishing Trucker. Her most recent position was Coating Lines Operator. Short worked overtime shifts as a Slitter Operator and Trucker.

10. At all relevant times, Short met or exceeded Defendant's legitimate performance expectations.

11. Short is a qualified individual with a real or perceived disability as that term is defined by the Americans with Disabilities Act, and Defendant was aware of her disability. Specifically, Short was diagnosed with severe anxiety and depression when she was sixteen (16) years old. Short continues to seek treatment for her disability.

12. In or around 2020, Hugo Ayala ("Ayala"), Employee for Defendant, began harassing female employees of Defendant. Ayala is known to Defendant as a serial harasser.

Short and her co-worker, Jody Sauer ("Sauer") experienced specific acts of sexual harassment from Ayala. Including but not limited to the following:

    a.    In or around 2020, shortly after his hiring, Ayala admitted to taking multiple videos of Short without her consent. Short's co-workers Bruce Price ("Price") and Mike Long ("Long") told Ayala to delete all videos he had of Short.

    b.    In or around March 2022, Ayala lunged at Sauer's person, seemingly threatening her with physical violence. Ayala was pulled away from Sauer by Micky (Last Name Unknown ("Mick)), the Supervisor on duty for Defendant.

    c.    In or around 2022 Ayala made horrifying comments to other employees about Short. Specifically, Ayala told Kevin (Last Name Unknown ("Kevin")) that he wanted to slit Short's throat, dice her into a million pieces, and feed her to the fish. Defendant took no remedial action to this statement when Kevin reported the information to Amanda Stagner ("Stagner") and Greg ("Pugh"), Current or Former Employees of Defendant. Stanger told Kevin to "sweep this all under the rug."

13.    Short frequently signed up for overtime shifts. Because working these overtime shifts put her in direct contact with Ayala, Short was forced to choose between working overtime and being subjected to continuing harassment. Because of Defendant's failure to protect Short from further harassment and the impacts that the harassment had on her disability, Short was unable to work overtime and as such, she has suffered monetary loss

14.    On or around November 11, 2022, Short engaged in a protected activity and made a complaint of a hostile work environment and reported that Ayala's behavior exacerbated her disability. Defendant took no remedial action and instead continued their failure to reprimand Ayala, which in turn exacerbated Short's disability.

### V. CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VII –SEXUAL HARASSMENT

15. Short hereby incorporates paragraphs one (1) through fourteen (14) of her Complaint as if the same were set forth at length herein.

15. Short was sexually harassed and subject to a hostile work environment.

16. Defendant's actions were willful, intentional, and done with reckless disregard for Seales' civil rights as protected by Title VII of the Civil Rights Act of 1964.

17. Short has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT II: VIOLATION OF TITLE VII –RETALIATION

18. Short hereby incorporates paragraphs one (1) through seventeen (17) of her Complaint as if the same were set forth at length herein.

19. Short engaged in a protected activity when she reported a hostile work environment due to Ayala's conduct to Defendant. Specifically, Short made allegations of sexual harassment.

20. Short was expected to continue working overtime shifts with Ayala or suffer financial harm as a result of refusing to do so. Because of this, Short was no longer able to work overtime shifts and has suffered financial harm.

21. Defendant's actions were willful, intentional, and done with reckless disregard for Seales' civil rights as protected by Title VII of the Civil Rights Act of 1964.

22. Short has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT III: VIOLATION OF ADA –DISABILITY DISCRIMINATION

23. Short hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24. Defendant violated Short's rights as protected by the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. §12101 *et. seq.*, by discriminating against her because of her actual or perceived disability. Defendant failed to provide him with a reasonable accommodation and subjected her to disparate treatment because of her disability in violation of the ADA.

25. Defendant's actions were willful, intentional, and done with reckless disregard for Seales' civil rights as protected by the Americans with Disabilities Act of 1990.

26. Short has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Tarra Short, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that subjects its employees to severe and pervasive sexual harassment;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of Title VII and ADA;

5. Punitive damages for Defendant's violations of Title VII and ADA;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,

*/s/ Lauren E. Berger*_____
Lauren E. Berger
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email:  lberger@bdlegal.com
         ad@bdlegal.com
*Counsel for Plaintiff, Tarra Short*

## DEMAND FOR JURY TRIAL

Plaintiff, Tarra Short, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

*/s/ Lauren E. Berger*_____
Lauren E. Berger
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email:  lberger@bdlegal.com
         ad@bdlegal.com
*Counsel for Plaintiff, Tarra Short*